County of Rusk, Plaintiff-Appellant,
v.
Eugene A. Ringhand, Joan M. Ringhand, John A. Winiarczyk, Camille H. Winiarczyk, Franklin J. Struble, Wendy E. Struble and Jerome Kalal, Defendants-Respondents.
No. 03-2698.
Court of Appeals of Wisconsin.
Opinion Filed: April 20, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 PER CURIAM.
Rusk County appeals a declaratory judgment determining it had abandoned a highway right-of-way when it relocated a road and that it lost access to Fish Lake after the relocation. The County primarily contends that because the old highway connected to a strip of land used to access the lake, it could not have abandoned the right-of-way without DNR approval. We disagree because the lake access was never part of the original highway right-of-way. We affirm the judgment.

Background 
¶2 A portion of the road in question, County Highway D, previously straddled the section line between Sections 29 and 32 in Township 33 North, Range 9 West. The highway right-of-way covered the southernmost thirty-three feet of Section 29 and the northernmost thirty-three feet of Section 32, running east-west until it approached Fish Lake. Approximately fifty feet from the lake the highway veered northeasterly and continued on in Section 29 only.
¶3 There is a strip of land that abuts the old highway right-of-way and extends to the shore of Fish Lake. This strip is approximately fifty feet wide from the highway to the lake and extends thirty-three feet on either side of the section line. Historically, the public would park on the side of the old highway and use the strip to access the lake for fishing, swimming, and other water recreation. Apparently, this use arises because the original 1928 plat indicated dedicated access to a "bathing beach." In 2000, however, the adjoining landowners of the plat revoked the dedication and recorded the revocation.
¶4 In 1985, Rusk County relocated Highway D. The new right-of-way is entirely within Section 29. According to the plat, the new right-of-way essentially abuts the northern edge of the old right-of-way. The new Highway D does not touch the strip of land or Fish Lake.
¶5 Rusk County wants to build a boat launch on Fish Lake. The landowners adjacent to the old right-of-way contend there is no longer public access to the lake because (1) the County abandoned the old right-of-way so that land reverted to the adjacent landowners and the public therefore cannot access the lake without trespassing and (2) the strip is no longer open to public use. The County argues its original right-of-way provided access to a navigable waterway and could not be abandoned by relocation of the road absent permission from the DNR. Therefore, no reversion occurred. Additionally, the County claims a property interest in the strip.
¶6 The County sought a declaration of interest in the real estate, including the old highway right-of-way and the strip of land in Section 32.[1] The trial court concluded the old right-of-way never touched the shoreline of Fish Lake and therefore reverted to the adjacent landowners upon relocation of the highway. The court also concluded the County "failed to establish any public access by prescription and  failed to accept the dedication of the disputed 33 foot strip before such dedication was revoked ...." Therefore, the court concluded, Rusk County had no interest in the disputed lands. Rusk County appeals.

Discussion 
¶7 In an action for declaratory judgment, granting or denying relief is a matter for the trial court's discretion. Hull v. State Farm Mut. Auto. Ins. Co., 222 Wis. 2d 627, 635, 586 N.W.2d 863 (1998). Thus, we uphold the trial court's decision unless it is based on an erroneous exercise of discretion. Id. at 635-36. An exercise of discretion is erroneous if based on an error of law. Id. at 636. Findings of fact will remain undisturbed unless they are clearly erroneous. WIS. STAT. § 805.17(2).[2]

The Common Law Rule of Reversion
¶8 The owner of land abutting a public highway holds title to the center of the highway, subject to the public easement. Miller v. City of Wauwatosa, 87 Wis. 2d 676, 680, 275 N.W.2d 876 (1979). When the highway is discontinued or vacated, the land reverts to the adjoining landowner, unencumbered by the easement. Id. This common law rule of reversion has been codified in WIS. STAT. § 80.32(3), and Rusk County concedes this is the general rule.
¶9 The parties debate whether old Highway D was discontinued by the method described in WIS. STAT. § 80.32(2) (1985-86), which states: "[Any] highway which shall have been entirely abandoned as a route of travel, and on which no highway funds have been expended for 5 years, shall be considered discontinued."
¶10 However, WIS. STAT. § 80.32(5) (1985-86) states that subsection (2) does not apply to roads in the county trunk system. The County claims that old Highway D was maintained as a county trunk road, and neither the Ringhands nor the Strubles argues the contrary. This is ultimately irrelevant because § 80.32(2) is only one method of discontinuing a road. Cf., e.g., WIS. STAT. § 80.02 (petitions to discontinue town highways); § 80.33 (where to file paperwork for discontinuance); § 80.34 (orders discontinuing roads are presumptive evidence of facts); § 80.39 (county board's power to discontinue roads).
¶11 More importantly,
It has been repeatedly held that although the alteration of a highway by changing its course is different from a proceeding to discontinue a highway, an alteration of an existing road constitutes a discontinuance of that part of the old road that is not included within the limits of the new road, even though no formal order of discontinuance is made.
Miller, 87 Wis. 2d at 681. This is especially true for cases such as this, involving the "elimination of the entire width of a portion of an existing roadway by a relocation of that portion of the roadway." Id.
¶12 Therefore, when the County relocated Highway D, it eliminated "the entire width of a portion of an existing roadway." That is, old Highway D was discontinued by new Highway D, and it was appropriate for the trial court to conclude that old Highway D reverted to the Ringhands and the Strubles, the adjoining landowners.

Access to Navigable Lakes 
¶13 The County nonetheless contends that the common law rule on reversion should not apply because recent statutory changes suggest a public policy discouraging discontinuation of public access to navigable lakes. It is unnecessary for us to analyze the statutory changes or attempt to discern legislative intent because the County's argument hinges on the proposition that the strip was included in the old right-of-way. The trial court concluded, and we agree, that it was not.
¶14 There is a statutory presumption that a highway is sixty-six feet wide. WIS. STAT. § 80.01(2). Indeed, this is the measurement the plat shows as the old right-of-way. However, that presumption was not enacted until 1951, by which time old Highway D had already been laid. Thus, the County argues that the right-of-way is defined by use; that is, the "width or limits of a highway by user are determined by the limits of the user[] . . . [including] such portion as goes with the traveled track for purposes of the highway." Nicolai v. WP&L, 227 Wis. 83, 89, 277 N.W. 674 (1938).
¶15 Because people parked on old Highway D's shoulders and traversed the strip to access Fish Lake, the County argues that the strip goes with the traveled track. We disagree.
¶16 At best, Highway D provided access to the strip. It did not, however, include the strip. There is no suggestion that individuals ever drove the strip to access the lake, that the strip was improved to facilitate travel off of Highway D, or that the County maintained the strip in the manner it maintained the highway. Indeed, if we accepted the County's argument then by extension, for example, every walking path or bicycle trail adjacent to a highway would become part of the highway. That result would be absurd. The strip was never in the highway right-of-way; therefore, discontinuation of the highway is not discontinuation of public access to a navigable lake.

Title to the Strip
¶17 The trial court concluded that the strip in Section 32 properly belongs to the Ringhands. The County contends this is error, arguing (1) that the plat does not act as a dedication so the "revocation" does not function to give an interest to the Ringhands, and (2) if there was a dedication, there is evidence that the public accepted it and it cannot be revoked. As to the County's first argument, it fails to show why, if the Ringhands are not entitled to the unplatted property, the County has the superior interest. That is, it fails to show the trial court's error.
¶18 As to the second argument, the County concedes that if there was a dedication, the trial court correctly determined the record does not support a finding that the County formally accepted it. The County argues instead that if there was a dedication, it was accepted by use. It cites City of Beaver Dam v. Cromheecke, 222 Wis. 2d 608, 615, 587 N.W.2d 923 (Ct. App. 1998), for the proposition that acceptance by use requires use consistent with the dedication's purpose.
¶19 In arguing that there was no dedication, the County argued the plat was silent as to the purpose of any dedication. In this alternate argument, the County now contends that the implied purpose of the dedication, if there was one, was to provide access to Fish Lake, and that the evidence demonstrates the strip was used for that purpose. The trial court concluded otherwise, and the County fails to show the court's finding was clearly erroneous.
¶20 Moreover, the County fails to explain why, even assuming a valid dedication and acceptance, the revocation is invalid. Ultimately, the County has failed to demonstrate how, in any respect, it has an interest in the strip superior to the Ringhands, and it therefore fails to show that the trial court erroneously exercised its discretion by issuing the declaration.
By the Court.  Judgment affirmed.
NOTES
[1] The chain of title to the thirty-three feet in Section 29 was traced to the Winiarczyks, who are not parties on appeal. Title to the thirty-three feet in Section 32 could not be traced, but it is adjacent to the Ringhands' property.
[2] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.